UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL ROBERTS, et al. | ) | CASE NO. 4:03 CV 2329 |
| | ) | |
| Plaintiffs, | ) | JUDGE ALICE M. BATCHELDER |
| | ) | JUDGE DAVID D. DOWD |
| vs. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| MAHONING COUNTY, et al., | ) | INTERIM STIPULATED |
| | ) | POPULATION ORDER |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF YOUNGSTOWN, | ) | |
| | ) | |
| Intervenor. | ) | |

This class action was brought in 2003 by inmates of the Mahoning County Jail to redress alleged violent and unsafe conditions at the jail which they argued violated their constitutional right to be free from cruel and unusual punishment and/or their right not to be punished without due process of law. On March 5, 2004 the class was certified and defined as all persons in the care or custody of the Mahoning County Sheriff, and incarcerated on or after November 12, 2003 at the Mahoning County Justice Center, 110 Fifth Avenue, Youngstown, Ohio ("Justice Center") and also all persons in the care or custody of the Mahoning County Sheriff, and incarcerated on or after November 12, 2003 at the Mahoning County Minimum Security Jail, 360 W. Commerce Street, Youngstown, Ohio ("MSJ") (Doc. No. 24) (hereinafter collectively referred to "County Jail Facilities"). A bench trial was conducted in December 2004 and by Memorandum Opinion dated March 10, 2005 (Doc. No. 93) the District Court found for the Plaintiff class against the Defendants.

The Court, in compliance with 18 U.S.C. §3626(f)(2)(A),(B),and(C), appointed a Special Master (Doc. No. 108). Upon the recommendation of the Special Master, the District Court directed the Defendants to create a Criminal Justice Working Group to develop a remedial plan consistent with the United States Supreme Court's decision in *Lewis v. Case*, 518 U.S. 363 (1996). (Doc. No. 139). The District Court's Order constituted an order for less intrusive relief in compliance with 18 U.S.C. §3626(A)(1) of the PLRA (Doc. No. 193). On May 1, 2006, the Criminal Justice Working Group issued its final report (Doc. No. 191) but was unable to arrive at a solution that would solve the unconstitutional conditions at the jail created by overcrowding. Consequently, on May 25, 2006, the District Court found that the Defendants had been given an opportunity but were unable to correct the problem of jail overcrowding without further intervention and thereby in accordance with 18 U.S.C. 3626(a)(3)(D) referred the matter of determining a prisoner release order to this three-judge panel under 28 U.S.C. 2284 (Doc. No. 193).

In accordance with the District Court's May 25, 2006 Order (Doc. No. 193), this three-judge court was empanelled on June 8, 2006. (Doc. No. 194). On July 27, 2006, the City of Youngstown moved to intervene (Doc. No. 207) and was granted intervention (Doc. No. 209). Subsequently this Court set the matter for trial on May 16, 2007 (Doc. No. 224).

The three-judge panel appointed Special Master Vince Nathan as the Court's expert for this phase of the litigation (Doc. No. 224). Mr. Nathan was charged with the task of reaching conclusions with respect to (1) whether crowding at the jail is the cause of constitutional violations, and, if so, (2) whether there is any other viable form of relief, short of a prisoner release order, that could remedy the violations. Pursuant to this Court's order, Mr. Nathan investigated the issues, and on December 3, 2006, filed a report containing his findings and his

2

conclusions with this Court (Doc. No. 229). The findings and conclusions set forth by this Court's expert demonstrate that (1) a constitutional violation exists and crowding is the root cause of the violation, and (2) that that there is no other viable remedy to cure the constitutional violation. (Doc. No. 229).

As a result of Mr. Nathan's Report, Plaintiffs filed a Motion for Immediate Injunctive Relief on December 18, 2006 (Doc. No. 232). This Court set the matter for an emergency hearing to be held on December 28, 2006 at 9:30 a.m. (Doc. No. 234). The City of Youngstown filed a Response to Motion for Immediate Injunctive Relief (Doc. No. 237). And Mahoning County Defendants filed a Brief in Support of Plaintiff's Motion for Immediate Injunctive Relief (Doc. No. 239).

At the hearing, Mr. Nathan authenticated his own expert report and answered preliminary questions from the panel and counsel for the parties. In addition, all parties agreed that based on current staffing and population as highlighted in Mr. Nathan's Expert Report the conditions of the Jail are unconstitutional. After consideration of the briefs and arguments at the hearing, the panel confirmed that it would take the matter of Plaintiffs' Motion for Immediate Injunctive Relief under advisement (Doc. No. 245). In the interim, the Court directed Judge Polster to engage in mediation. Judge Polster met with the parties on January 3, 2007 at which time a tentative agreement was reached. Whereby, based on the foregoing, the parties stipulate and this Court finds:

1. The Court has jurisdiction over the parties and subject matter of this case pursuant to 28 U.S.C. Sections 1331 and 1343(a)(3) and 18 U.S.C. Section 3626. Venue is properly before this Court.

2. The District Court has previously entered orders in this case that have failed to remedy the deprivation of Plaintiffs' constitutional rights that would be remedied with this Order. Defendants have had a reasonable amount of time to comply with the previous court orders. Thus, the prerequisites for convening a three-judge court as set forth in 18 U.S.C. 3626(a)(3)(A) have been satisfied.

3. Under the PLRA a "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and *is the least intrusive means necessary to correct the violation of the Federal right."* 18 U.S.C. §3626(a)(1)(A) (italics added). Moreover, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

4. And when the prospective relief is in the form of a prisoner release order, this Court must also find that (1) crowding is the primary cause of the violation of a Federal right, and (2) no other relief will remedy the violation of the Federal right. 18 U.S.C. 3626 (a)(3)(E) (i) and (ii).

5. Based on the Expert Report filed by Mr. Nathan (Doc. No. 229) and the parties' agreement that current constitutional violations exist because of an inability to control the population, this Court finds and the parties agree that it has been demonstrated by clear and convincing evidence that crowding is the primary cause of violence described in Mr. Nathan's Expert's Report and that the violence constitutes a violation of the Plaintiffs' federal constitutional rights. It has also been demonstrated by clear and convincing evidence that no relief other than that set forth herein will remedy this violation. Thus, the factual predicate for

4

imposition of a prisoner release order, as set forth in 18 U.S.C. §3626(a)(3)(E), has been established.

6. And under the terms of this Interim Stipulated Population Order the parties agree and this Court further finds by clear and convincing evidence that this Interim Stipulated Population Order is narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs' federal rights and is a remedy which directly targets the source and cures the violation. This Court further finds and the parties agree that this Interim Stipulated Population Order is the least intrusive means necessary to cure the violation. 18 U.S.C. §3626(a)(1)(A).

7. Furthermore, in determining whether the public interest is served, this Court is charged with the responsibility of balancing the deprivation of constitutional rights of inmates with the safety of the general public. The parties agree and this Court finds by clear and convincing evidence that the terms of this Interim Stipulated Population Order strike a balance between the interest in public safety and the interest in maintaining a constitutional jail as it provides for the incarceration of all violent felons and for the reopening to maximum occupancy of all County Jail Facilities, while at the same time protecting the constitutional rights of inmates in the county jail.

Now, therefore, upon stipulation of the parties, based upon a need to address these issues immediately, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## I. INMATE POPULATION/RELEASE ORDER

8. The parties agree that the Sheriff has commenced hiring staff. As of February 6, 2007 an additional pod will be opened causing the addition of thirty-six (36) additional beds. Consequently, the parties agree and this Court orders that as of February 6, 2007 the Sheriff will house no more than 315 male prisoners and 36 female prisoners unless and until additional

5

staffing is available to open additional pods. The parties agree and this Court further orders that as additional staff are hired and trained additional prisoners may be added during the duration of this interim order with the agreement of plaintiffs' counsel. The parties agree and this Court orders that Mahoning County Defendants shall, no later than August 1, 2007, have County Jail Facilities fully staffed and operating at the maximum capacity.

9. When numbers exceed those set forth, the Sheriff shall implement the Overcrowding Release Policy approved by all parties and this Court which is attached hereto as Exhibit A and incorporated as if fully written herein. The Overcrowding Release Policy shall not apply to City Prisoners held pursuant to the Boarding of Prisoners Agreement referred to in ¶11 below and attached hereto as Exhibit "B". The granting or revoking of bail shall not be construed to prevent release under this Order. The Sheriff shall have a right and authority to release any and all prisoners regardless of any order from any other state or municipal court in order to maintain a population cap consistent with this Order.

10. Where arrests are undertaken in such a manner that the Defendants are unable to plan for an influx of inmates to protect the public, the limit on the jail population may be exceeded for a period of not more than 24 hours on weekdays or 72 hours on weekends. However, in no other event, shall the population of the jail ever exceed the number of prisoners indicated in the preceding section.

## II. BOARDING OF PRISONER AGREEMENT

11. In conjunction with this Interim Stipulated Population Order, Mahoning County Defendants and the City of Youngstown entered into an Agreement for the Boarding of Prisoners which is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

### III. PARTIES

12. The provisions of this Interim Stipulated Population Order shall apply and be binding upon the parties to this action, their agents, officers, employees, assigns, successors in interest and any persons acting in concert or privity with any of the parties.

### IV. MISCELLANEOUS

13. Jurisdiction to resolve all issues or disputes regarding the terms of this Interim Stipulated Population Order, including actions for noncompliance, will remain with the three judge court empanelled pursuant to 18 U.S.C. § 3626 in this matter.

14. This order shall be effective upon the date of entry by this Court. Nothing in this order shall release Defendants of its obligation to comply with applicable federal, state or local statutes, rules or ordinances except, as to those which might conflict directly with this Order, this Order shall take precedence.

DATED:

2-27-07

JUDGE ALICE M. BATCHELDER

JUDGE DAVID D. DOWD, Jr.

JUDGE DAN AARON POLSTER

### III. PARTIES

12.     The provisions of this Interim Stipulated Population Order shall apply and be binding upon the parties to this action, their agents, officers, employees, assigns, successors in interest and any persons acting in concert or privity with any of the parties.

### IV. MISCELLANEOUS

13.     Jurisdiction to resolve all issues or disputes regarding the terms of this Interim Stipulated Population Order, including actions for noncompliance, will remain with the three judge court empanelled pursuant to 18 U.S.C. § 3626 in this matter.

14. This order shall be effective upon the date of entry by this Court. Nothing in this order shall release Defendants of its obligation to comply with applicable federal, state or local statutes, rules or ordinances except, as to those which might conflict directly with this Order, this Order shall take precedence.

DATED:

_____

_____
JUDGE ALICE M. BATCHELDER

_____ 2/27/07
JUDGE DAVID D. DOWD, Jr.


_____
JUDGE DAN AARON POLSTER

7

### III. PARTIES

12. The provisions of this Interim Stipulated Population Order shall apply and be binding upon the parties to this action, their agents, officers, employees, assigns, successors in interest and any persons acting in concert or privity with any of the parties.

### IV. MISCELLANEOUS

13. Jurisdiction to resolve all issues or disputes regarding the terms of this Interim Stipulated Population Order, including actions for noncompliance, will remain with the three judge court empanelled pursuant to 18 U.S.C. § 3626 in this matter.

14. This order shall be effective upon the date of entry by this Court. Nothing in this order shall release Defendants of its obligation to comply with applicable federal, state or local statutes, rules or ordinances except, as to those which might conflict directly with this Order, this Order shall take precedence.

DATED:
February 26, 2007

JUDGE ALICE M. BATCHELDER

JUDGE DAVID D. DOWD, Jr.

JUDGE DAN AARON POLSTER

APPROVED BY:

_____
PAUL J. GAINS (#0020323)
LINETTE M. STRATFORD (#0047223)
For Mahoning County Sheriff and
Mahoning County Commissioners

_____
IRIS TORRES GUGLUCELLO (#0019416)
ANTHONY J. FARRIS (#0055695)
For City of Youngstown

_____
ROBERT ARMBRUSTER (#0011623)
THOMAS KELLEY (#0016820)
For Plaintiffs

8