DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nathaniel Roberts, et al., | ) | |
| | ) | CASE NO. 4:03 CV 2329 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| County of Mahoning, Ohio, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

This lawsuit began on November 14, 2003, when Nathaniel Roberts and other inmates housed in the Mahoning County Justice Center (MCJC) filed an action on behalf of all prisoners then confined or who would in the future be confined in the MCJC. After conducting a hearing on December 13 through 15, 2004, the Court entered its Memorandum Opinion containing findings of fact and conclusions of law on March 10, 2005. (Doc. No. 93). The Court concluded that conditions and practices then ongoing in the MCJC violated the rights of the members of the plaintiff class.

The Court appointed Vincent M. Nathan as Special Master pursuant to 18 U.S.C. § 3626(f)(2)(A), (B), and (C) on March 28, 2005 (Doc. No. 108). The Court directed the Special Master "to assist the parties, specifically the Defendants, in attempting to find a solution to the problems which created the unconstitutional conditions at the jail." See Order of May 25, 2006 at 1 (Doc. No. 193). During the period of his service, the Special Master filed seven reports containing findings and recommendations.

(4:03 CV 2329)

The first two of these reports (Doc. Nos. 114 and 119) addressed a narrowly avoided crisis that would have resulted from massive layoffs of security staff in the MCJC scheduled as a result of a budget shortfall in Mahoning County.  The Special Master's third report, filed after the passage of a successful ballot issue increasing revenues available for the funding of the MCJC, described the parties' continued cooperation in attempting to resolve the problems facing the jail, in particular, the need for accelerated collection of the proceeds from the successful bond issue (Doc. No. 122).  The fifth report (Doc. No. 140) was the first of three in which the Special Master examined some of the most important underlying causes of crowding at the MCJC.  That report provided detailed information concerning the length of stay in the MCJC of prisoners booked into that facility.  The sixth report provided similar information on the number of days that elapsed between the sentencing of felons and their transportation from the MCJC to the Ohio Department of Rehabilitation & Correction (Doc. No. 148), and the Special Master's seventh and final report provided information on the number of days that elapsed between major events in felony cases in the Mahoning County Court of Common Pleas (Doc. No. 165).  These reports, to which no party filed any objection, were instrumental in establishing an informational foundation for discussions of possible remedies to the phenomenon of chronic and serious crowding in the jail.

The report that established a mechanism for the actual resolution of this litigation was the Special Master's fourth report in which he recommended the formation of a group of Mahoning County officials to convene regularly, to prepare a written remedial plan "to accomplish a long-term systemic solution to the problems of overcrowding" in the MCJC, and to submit that plan to the Court.  Fourth Report of the Special Master at 20. (Doc. No.132)  The Court adopted

(4:03 CV 2329)

this recommendation in its Order of September 13, 2005 (Doc. No. 139).  Pursuant to that Order, the defendants created the Mahoning County Criminal Justice Working Group, which met regularly for approximately eight months before filing its final status report on May 1, 2006 (Doc. No. 191).

Because the Working Group's final status report failed to contain a commitment by the judges of the Youngstown Municipal Court to abide by a prisoner release order to which the parties, the Court of Common Pleas judges, and the County Court judges in jurisdictions other than Youngstown in Mahoning County had agreed, the Court requested the convening of a three-judge court pursuant to 18 U.S.C. § 3626(a)(3)(D) to determine whether a prisoner release order by the federal court was appropriate.  See Order of May 25, 2006 at 5. (Doc. No. 193)  The Chief Judge of the United States Court of Appeals for the Sixth Circuit appointed the three-judge court on June 7, 2006.  The three-judge court subsequently entered an Order on August 2, 2006 approving the City of Youngstown's earlier motion to intervene as a party defendant.  (Doc. No. 297 and Doc. No. 209).

The three-judge court convened a status conference and a hearing to "begin to address the question of whether a prisoner release order … is required and permitted as a remedy in this case."  See Order of September 7, 2006 (Doc. No. 224).  In that order the court scheduled a two-day hearing on this question on May 16 through May 17, 2007.  Id. at 9.

Ultimately, however, with the assistance of Honorable Dan Aaron Polster, a member of the three-judge court who acted as a mediator between the parties, on May 12, 2007, the plaintiffs, the defendants, and the defendant-intervenor submitted a proposed Consent Judgment Entry with a Stipulated Population Order.  (Doc. No. 258). By Order of April 12, 2007, the

(4:03 CV 2329)

three-judge court ordered that notice of the proposed compromise be given to members of the public and to members of the plaintiff class (Doc. No. 259) and scheduled a fairness hearing to be held on May 17, 2007 (Doc. No. 260). After receiving only two objections to the proposed order, the three-judge court convened the previously scheduled hearing on May 17, 2007. The court found that the defendants had given the required notice, that the two written objections were not germane to the issue of the approval of the proposed order, and that the proposed order was fair and equitable and in the best interests of the class. Subsequently, pursuant to Fed. R. Civ. P. 23(e), the three-judge court approved the proposed stipulated order by Consent Judgment Entry filed on May 17, 2007 (Doc. No. 266).

Thus, the appointment of the Special Master in this case has accomplished the Court's original objective. His reports and other actions have fulfilled the requirement that he "assist the parties, specifically the Defendants, in attempting to find a solution to the problems which created the unconstitutional conditions in the Jail." See Order of May 25, 2006 at 1 (Doc. No. 193). At the May 17, 2007 hearing, described above, the three-judge court expressed its appreciation to the Special Master for his efforts in this case, and this Court is pleased to reiterate that expression of appreciation. The Court also wishes to express its gratification that the original parties to this action and the City of Youngstown were able and willing to resolve this complex local problem without the need for a federal prisoner release order.

(4:03 CV 2329)

      Accordingly, based on the above, the Court hereby terminates the appointment of the Special Master in this case.

      IT IS SO ORDERED.

| | |
|---|---|
|  June 1, 2007 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |