UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathaniel Roberts, et al., ) | |
| ) | CASE NO. 4:03 CV 2329 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| County of Mahoning, Ohio, et al., ) | |
| ) | MEMORANDUM OPINION and ORDER |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| City of Youngstown, ) | |
| ) | |
| Intervenor. ) | |
| ) | |

With agreement of the parties, a Consent Entry was ordered on May 17, 2007 by a three-judge panel composed of Judge Alice M. Batchelder, Judge David D. Dowd, Jr., and Judge Dan Aaron Polster, as a result of a lawsuit filed by plaintiffs alleging unconstitutional prison conditions at the Mahoning County Jail.  ECF 266.  On May 18, 2010, the three-judge panel determined that there was no basis upon which to extend the Consent Entry, which expired by its terms on May 17, 2010.  ECF 292.  However, before the Consent Entry expired, plaintiffs filed a motion for contempt against the defendants for violation of the Consent Entry during the time it was in effect (ECF 283), and a motion for attorney fees (ECF 290).  The Court retains jurisdiction to decide these motions.  *See* ECF 292.

(4:03 CV 2329)

## A.  MOTION FOR CONTEMPT

Plaintiffs assert that the defendants failed to comply with the following provisions of the Consent Entry while it was in effect: 1) in-service training requirements (Consent Entry, par. 46); 2) staffing requirements (Consent Entry, par. 30); 3) outdoor recreational requirements (Consent Entry, par. 63); 4) facility maintenance requirements (Consent Entry par. 57, 59 and 61); and 5) dining table requirements (Consent Entry. par. 44).

It is the defendants' position that they are not in contempt because they have complied, or substantially complied, with the Consent Entry, and have taken all reasonable steps within their power to comply.  ECF 285.  Where compliance may be incomplete due to lack of funds, defendants argue that any non-compliance does not rise to the level of contempt requiring the imposition of monetary fines or punitive sanctions.  In their reply, plaintiffs question the level of compliance and the manner in which Mahoning County has chosen to allocate funds to the Mahoning County Sheriff and the Mahoning County Jail.  ECF 286.

The purpose of a court's contempt power is to preserve the court's authority and enforce the message that the court's orders are to be taken seriously.  *Adcor Indus., Inc. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 793 (N.D. Ohio 2005) (quoting *Elec. Workers Pension Trust Fund v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)).  The power to punish for contempt should not be used lightly and lies within the sound discretion of the Court.  *Adcor Indus.*, 411 F. Supp. 2d at 793.

(4:03 CV 2329)

In order to succeed in their contempt motion, plaintiffs must produce clear and convincing evidence that the defendants violated the Consent Entry. *Elec. Workers Pension Trust Fund*, 340 F.3d at 379. If the plaintiffs satisfy this initial burden, the burden shifts to the defendants to establish that they are presently unable to comply, and in that context, the Court may consider whether defendants took all reasonable steps within their power to comply with the Consent Entry. *Id.*; *Satyam Computer Services Ltd. v. Venture Global Engineering, LLC*, 323 Fed. Appx. 421, 431 (6th Cir. 2009) (quoting *Elec. Workers Pension Trust Fund*, 340 F.3d at 379).

In this case, the Court found at the outset that the conditions at the Mahoning County Jail were such that plaintiffs' constitutional rights were being violated, and the Consent Entry was entered on May 17, 2007 to address those conditions and restore the plaintiffs' constitutional rights. The Court will assume, for the purpose of this analysis, that plaintiffs have established a violation of the Consent Entry by clear and convincing evidence.

The defendants' response to the motion for contempt reflects that significant effort and expense has been undertaken by the defendants to rectify the conditions at the Mahoning County Jail, and plaintiffs' motion for contempt does not assert that unconstitutional conditions now exist at the Mahoning County Jail as a result of defendants' alleged violations of the Consent Entry. Although the defendants may have struggled with certain requirements of the Consent Entry due to budget issues similar to those which have strained city and county governments across the nation, the Court cannot conclude that the defendants have not taken all reasonable

(4:03 CV 2329)

steps to comply with the Consent Entry, nor can the Court conclude that defendants have not taken the Consent Entry seriously or have flouted compliance with the Consent Entry.

Accordingly, the Court declines to find the defendants in contempt of the Consent Entry, and plaintiffs' motion is DENIED.

### B.  MOTION FOR ATTORNEY FEES

Plaintiffs' counsel has filed a final billing invoice for monitoring and court hours.  ECF 290.  Paragraphs 66 and 67 of the Consent Entry provide for the payment of attorney fees for monitoring and enforcement of the Consent Entry by plaintiffs' counsel.  ECF 266.  The invoice appears to be in compliance with the attorney fee compensation provisions of the Consent Entry, and defendants have not challenged the invoice.

Accordingly, the motion for payment of the final invoice of plaintiffs' counsel is GRANTED, and defendants are directed to pay said fees within thirty (30) days of this Order.

(4:03 CV 2329)

### C.  CONCLUSION

For the reasons contained herein, plaintiffs' motion for contempt is DENIED.  Further, the motion for payment of the final invoice of plaintiffs' counsel is GRANTED, and defendants are directed to pay said fees within thirty (30) days of this Order.

IT IS SO ORDERED.

| | |
|---|---|
|   June 23, 2010 |   *s/ Alice M. Batchelder* |
| Date | Judge Alice M. Batchelder |
| | Chief Circuit Judge |
| | |
| |   *s/ David D. Dowd, Jr.* |
| | Judge David D. Dowd, Jr. |
| | U.S. District Judge |
| | |
| |   *s/ Dan Aaron Polster* |
| | Judge Dan Aaron Polster |
| | U.S. District Judge |